FILED

SEP 28 2021

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT



NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>ERIC THOMAS MESI,<br><p style="text-align:right">Debtor.</p> | BAP No. NC-21-1077-FBS<br><br>Bk. No. 5:20-bk-51015-MEH |
| ERIC THOMAS MESI,<br>　　　　　Appellant,<br>v.<br>NEVADA ATTORNEY GENERAL;<br>LAURIE TROTTER; KELLI RUBY<br>GALLIMORE; DAVID O'HARA; SUSAN<br>DERISO,<br>　　　　　Appellees. | Adv. No. 5:20-ap-05044-MEH<br><br>**MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the Northern District of California
M. Elaine Hammond, Bankruptcy Judge, Presiding

Before: FARIS, BRAND, and SPRAKER, Bankruptcy Judges.

Chapter 7[1] debtor Eric Thomas Mesi filed an adversary complaint

alleging that, before he filed his bankruptcy petition, the State of Nevada

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

and others wrongfully imprisoned him, which caused severe health problems. He sought a discharge of the State of Nevada's unsecured claims, compensation for his mother's credit card debts and her pain and suffering, compensation for his medical treatment and equipment, "allodial title" to his real property, and various other relief. The bankruptcy court dismissed the complaint. We discern no error.

Mr. Mesi had already received a discharge in bankruptcy. Therefore, his request for a discharge of his debts to the State of Nevada was superfluous at best.

All of the allegedly wrongful conduct occurred prepetition. Therefore, any claims based on that conduct belong to his bankruptcy estate, not to him personally, and he has no standing to assert the claims. *See Lennear v. Diamond Pet Food Processors of Cal., LLC*, 147 F. Supp. 3d 1037, 1044-45 (E.D. Cal. 2015) ("Under Chapter 7 bankruptcy, once the petition is filed, all pre-petition causes of action become part of the estate. As such, the bankruptcy trustee is the sole individual with standing to maintain the pre-petition claim.").

Further, Mr. Mesi did not include any claim against the State of Nevada in his bankruptcy schedules. "In the bankruptcy context, a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 783 (9th Cir. 2001). Because Mr. Mesi failed to schedule his claims and the

chapter 7 trustee did not administer or abandon them, they remain property of the bankruptcy estate.

Therefore, Mr. Mesi lacks standing. Even if we were to consider his other arguments on appeal, we would find them meritless. Accordingly, we AFFIRM.[2]

---

[2] Mr. Mesi requests that we enter a default judgment against the appellees, none of whom appeared in this appeal. We DENY this request. *See First Del. Life Ins. Co. v. Wada (In re Wada)*, 210 B.R. 572, 574 n.2 (9th Cir. BAP 1997) ("Failure to file a responsive brief does not preclude an appellee from prevailing on appeal.").